# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF IOWA
# WESTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiff, | No. CR05-4125-MWB |
| vs. | **DETENTION ORDER** |
| VINCENT BERTLING, | |
| Defendant. | |

This matter came on for detention hearing on December 2, 2005. Assistant U.S. Attorney Forde Fairchild appeared on behalf of the plaintiff (the "Government"). The defendant Vincent Bertling appeared in person with his attorney, Assistant Federal Defender Robert Wichser. The Government offered the testimony of ATF Special Agent Zane Dodds.

The court must determine whether any condition or combination of conditions will reasonably assure Bertling's appearance as required, as well as the safety of any other person and the community, in deciding whether to grant the Government's motion for detention. 18 U.S.C. § 3142(e). A defendant may be detained based on a showing of either dangerousness or risk of flight; it is not necessary to show both. *United States v. Fortna*, 769 F.2d 243 (5th Cir. 1985), *cert. denied*, 479 U.S. 950, 107 S. Ct. 436 (mem.), 93 L. Ed. 2d 385 (1986); *United States v. Garcia*, 801 F. Supp. 258, 260 (S.D. Iowa 1992).

The court is to presume that no condition or combination of conditions will reasonably assure the appearance of Bertling as required and the safety of the community

if the court finds there is probable cause to believe Bertling committed an offense for which a maximum term of imprisonment of ten years or more is prescribed in the Controlled Substances Act, 21 U.S.C. § 801 *et seq*. This presumption is subject to rebuttal by Bertling. 18 U.S.C. § 3142(e); *see* 18 U.S.C. § 3142(f)(1)(C). The probable cause element of section 3142(e) which triggers the rebuttable presumption of risk of flight and danger to the community may be established through evidence presented at the detention hearing of an offense which is subject to the rebuttable presumption. *See United States v. Apker*, 964 F.2d 742, 744 (8th Cir. 1992); *United States v. Dorsey*, 852 F.2d 1068, 1069 (8th Cir. 1988). A grand jury's indictment provides the probable cause required under 18 U.S.C. § 3142(e) to trigger the rebuttable presumption of risk of flight and danger to the community. *See United States v. Garcia*, 801 F. Supp. 258 (S.D. Iowa 1992) (citations omitted).

In the present case, the evidence indicates that when officers appeared at Bertling's employment to arrest him, he refused to comply with their directions for him to drop a meat hook and get onto the ground, and he resisted their efforts to pull his arms behind his back to handcuff him. The evidence further indicates Bertling has a history of possessing firearms; indeed, the present charges accuse him of being a drug user in possession of firearms. The Government's case against Bertling appears to be quite strong. In addition, Bertling's criminal history contains entries indicating he may have failed to appear as required on previous charges

On the evidence before the court, the court finds the Government has proved by a preponderance of the evidence that Bertling is a flight risk, and has proved by clear and convincing evidence that Bertling would be a danger to the community if released. Therefore, the court finds the following:

1.	Bertling is committed to the custody of the Attorney General for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal.

2.	The Attorney General shall afford Bertling reasonable opportunity for private consultation with counsel while detained.

3.	On order of a court of the United States or on request of an attorney for the Government, the person in charge of the corrections facility shall deliver Bertling to the United States Marshal for the purpose of an appearance in connection with a court proceeding.

4.	If a "review" motion for revocation or amendment is filed, pursuant to 28 U.S.C. § 3145(a) or (b), the party requesting a change in the original order *must*:

    (a)	Attach a copy of the release/detention order to the appeal;

    (b)	Promptly secure a transcript.

5.	There is *no automatic stay* of this Order. Therefore, Bertling must request such relief from the court.

**IT IS SO ORDERED.**

**DATED** this 5th day of December, 2005.

PAUL A. ZOSS
MAGISTRATE JUDGE
UNITED STATES DISTRICT COURT